IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH ARDELL,

    Plaintiff,                    No. 2:13-cv-00421 GEB JFM

    vs.

SACRAMENTO METRO
PAROLE DEPARTMENT,

    Defendant.                  ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the instant case, plaintiff alleges he was given psychiatric medication without his consent.  Specifically, plaintiff claims a doctor and a parole agent "became more aggressive to force" psychiatric medication on him. (Compl. at ¶ 4.)  Plaintiff alleges that as a parolee his request was "unheard" and his parole agent demanded that plaintiff accept the "medication or go back to State Prison." (Id.)  Plaintiff also claims that his parole agent "blamed" plaintiff with a "history of [taking psychiatric] medications."  (Id. ¶ 5.)  To the extent plaintiff is alleging violations of his due process rights as a result of the involuntary administration of psychiatric medication, plaintiff is informed of the following legal principles that may apply to this action. Under the Due Process Clause, a parolee "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." Washington v. Harper, 494 U.S. 210, 221 (1990). California law provides parolees with the "right to refuse . . . [mental health] treatment . . . except . . . (a) [w]hen mental health evaluation is required by law or ordered by a court[;] (b)

2

[w]hen an inmate is placed in a mental health program for diagnostic study by the action of a classification committee, which acted upon documented information or observations that gave reasonable cause to believe the inmate was suffering from a mental illness which poses a danger to self or others, or is gravely disabled . . . [;] [or] (c) [w]hen diagnostic study has led to a diagnosis of existing or recurrent mental illness, which renders the inmate dangerous to self or others, or gravely disabled." Cal. Code Regs. tit. 15, § 3363.  Further, California law provides for involuntary medication in the event of an emergency.  See Cal. Code Regs. tit. 15, § 3364(a). The mere fact that a parolee received medication against his will does not necessarily state a claim for a violation of due process.

      To allege a cognizable due process claim based upon a violation of California Code of Regulations tit. 15, § 3363, plaintiff must allege facts clearly describing the events that led to the alleged involuntary administration of psychiatric medication.  Further, plaintiff must allege facts that indicate whether or not he was a threat to himself or anyone else at the time of the claimed involuntary administration of psychiatric medication, and that there was no basis to administer the psychiatric medication (i.e., that the psychiatric medication was not administered pursuant to a court order or an emergency situation).

      The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF 2) is granted;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. Plaintiff's motion for default judgment (ECF 4) is denied as premature.

DATED: May 31, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

arde0421..ifp-lta